# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DONALD JAMES GALBREATH, )
)
Petitioner, )
)
v. ) Case No. CIV 12-381-RAW-KEW
)
EDWARD EVANS, )
DOC Interim Director, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, is challenging his conviction in Pontotoc County District Court Case Nos. CF-2007-255 for Unlawful Possession of Marijuana, a Second or Subsequent Offense, and CF-2008-15 for Unlawful Possession of Controlled Drug (Methamphetamine) (Count 1), Unlawful Delivery of Controlled Drug (Methamphetamine) (Count 2), Unlawful Use of a Communication Device to Facilitate a Felony (Count 3), and Maintaining a Place Resorted to by Users of Controlled Drugs (Count 4). He raises the following grounds for relief:

I. Trial counsel was ineffective in failing to file a timely motion to withdraw petitioner's guilty plea.

II. The trial court failed to follow the mandatory Drug Court Program procedures designed to ensure the success of those entering the program.

III. The evidence was insufficient to terminate petitioner's participation in the Drug Court program.

IV. Petitioner's guilty plea was coerced.

V. Ineffective assistance of trial counsel.

VI. Petitioner's sentences were illegally enhanced by his prior convictions, and his sentences are disproportionate to other sentences for the same

conduct as other defendants with the same criminal convictions.

VII. Appellate counsel was ineffective in failing to raise Grounds V and VI on direct appeal.

The respondent alleges petitioner has failed to exhaust the state court remedies for all of his claims and has submitted the following records to the court in support of the motion:

A. Petitioner's direct appeal brief.

B. The State's brief in petitioner's direct appeal.

C. Summary Opinion affirming the final order terminating petitioner from the Drug Court Program and imposing sentence. *Galbreath v. State*, No. F-2010-142 (Okla. Crim. App. Sept. 14, 2011).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows that petitioner raised three claims on direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). He alleged on appeal that (1) his guilty pleas were not entered knowingly and voluntarily, and trial counsel was ineffective in failing to file a motion to withdraw pleas; (2) the trial court failed to follow proper statutory procedures in admitting him to the Drug Court Program; and (3) his termination from the Drug Court Program was

not supported by sufficient evidence. The OCCA found petitioner's first claim was not properly presented, because it had not been presented in a petition for a writ of certiorari. *Galbreath v. State*, No. F-2010-142, slip op. at 2-4 (Okla. Crim. App. Sept. 14, 2011). The OCCA further found petitioner's second claim concerned non-jurisdictional issues, and the claim could not "impugn the validity of the termination order" under review in the appeal. *Id.* at 4.

Petitioner's third ground before the OCCA alleged the State failed to establish that he was in possession of a controlled substance without a prescription. *Id.* The evidence, however, showed petitioner had testified he took several different drugs for a mental condition, but he had presented no proof of a prescription for the controlled drug seized from his vehicle. *Id.* at 4-5. Instead, he offered "nothing more than speculation that he might have had a prescription." *Id.* at 5 (footnote omitted).

This habeas petition raises a total of seven grounds for relief, the first four being petitioner's claims before the OCCA. His other three habeas claims allege trial counsel abandoned him in the courtroom, and he had no attorney representing him when he entered his pleas (Ground V); unconstitutional enhancement of his sentences by prior convictions (Ground VI), and ineffective assistance of appellate counsel (Ground VII).

The respondent alleges that only Ground III regarding the sufficiency of the evidence has been exhausted. Habeas Grounds I, II, and IV were improperly raised in petitioner's direct appeal and should have been presented in a certiorari appeal. To exhaust Grounds V, VI, and VII petitioner must initially present these unexhausted claims to the trial court in an application for post-conviction relief, pursuant to Okla. Stat. tit. 22, § 1080. If the application is denied by the trial court, he may appeal to the OCCA. If the trial court's denial is affirmed by the OCCA, petitioner then may present the claims for federal habeas corpus review.

A district court has two options when faced with a "mixed" petition containing both exhausted and unexhausted claims. One option is to require the petitioner to exhaust all his

claims in state court before bringing the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (instructing a district court to dismiss without prejudice and to allow the petitioner to refile once the claims are exhausted); *See also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (if a court is concerned about the prisoner's meeting AEDPA's one-year filing requirement, and if "there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter and issue a stay and abeyance of the petition, while the petitioner exhausts his state court remedies.). The second option it to deny the entire petition on the merits, notwithstanding failure to exhaust, if the court is convinced the unexhausted claim is without merit, or that the issue is easily resolvable against the petitioner. *See* 28 U.S.C. § 2254(b)(2).

Petitioner acknowledges in his response to the motion to dismiss that if the court were to dismiss this action as a mixed petition, the one-year statute of limitations imposed by 28 U.S.C. § 2244(d) would prohibit a second habeas action from proceeding. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). He also asserts a state remedy is not available, because his claims would be procedurally barred by the OCCA.

While "[a]ll claims which could have previously been raised but were not are waived," *King v. State*, 29 P.3d 1089, 1090 (Okla. Crim. App. 2001) (citing Okla. Stat. tit. 22 § 1086), petitioner's claim of ineffective assistance of appellate counsel was not an issue when the direct appeal was filed. Therefore, petitioner may raise the claim in an application for post-conviction relief in the trial court. Neither party has advised this court of any pending state court proceedings, but a review of the dockets for Pontotoc County District Court Case Nos. CF-2007-255 and CF-2008-15, indicates there are post-conviction and possibly other proceedings pending in both cases.

Here, the court is not convinced that petitioner's claim in Ground VII, ineffective assistance of appellate counsel, is without merit with respect to petitioner's ineffective assistance of trial counsel claim in Ground V. He alleges in Ground V that on the first day of his plea proceedings, he was very ill with pneumonia, "deathly sick [and] fading in and

4

out of consciousness." (Docket No. 1 at 20). When trial counsel entered the courtroom, petitioner desperately attempted to speak with him and explain that he needed to go to the hospital, but counsel allegedly just ignored him. *Id.* Petitioner continues:

> The pretrial hearing started and shortly thereafter, a bar conversation commenced between the judge and trial counsel. After several minutes of talking, trial counsel became agitated and stormed out of the courtroom. Petitioner was seated about 30 feet away, but could not hear [the] conversation. Again, petitioner trial [sic] to stop trial counsel, but it was to no avail. Trial counsel simply ignored him and stormed out of the courtroom. After trial counsel left the scene, the court adjourned until after lunch. When the deputy started to escort petitioner back to the county jail, petitioner asked the judge if he could speak to him, who [sic] said okay. [A]t that time, petitioner explained to him that he was critically ill and needed to be in the hospital and that if he did not get emergency medical attention, he would die. Petitioner asked for an O.R. Bond, but was denied. However, the judge did agree to accept petitioner's confession to a guilty plea in exchange for an O.R. Bond, so that petitioner could go to the hospital. Petitioner was then instructed to get his things, O.R. and then return for afternoon court session to be sentenced. *At no time was trial counsel present when he plead [sic] guilty and/or was he present when petitioner entered a confession to charged alleged offenses.* . . .

*Id.* at 20-21 (emphasis added).[1]

"[A]n accused is entitled to be represented by counsel at all stages in a criminal proceeding." *Igo v. United States*, 303 F.2d 317 (10th Cir. 1962) (citing *Von Moltke v. Gillies*, 332 U.S. 708 (1948)). Petitioner clearly is alleging his attorney abandoned him and new counsel was not appointed for his plea proceedings. Therefore, the court finds it should deny the respondent's motion and issue a stay and abeyance of the petition, while the petitioner exhausts the state court remedies for his unexhausted claims. *See Rhines*, 544 U.S. at 277.

**ACCORDINGLY,** the respondent's motion to dismiss (Docket No. 9) is DENIED, and the respondent is directed to advise the court within fourteen (14) days of the status of any post-conviction or other proceedings in Pontotoc County District Court Case Nos. CF-

---

[1] According to petitioner's direct appeal brief, after he entered his plea, he was taken to the hospital by ambulance and remained there for approximately 20 days. (Docket No. 9-1 at 8).

2007-255 and CF-2008-15.

**IT IS SO ORDERED** this _17th_ day of September 2013.

_Ronald A. White_
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**