# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD JAMES GALBREATH | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 12-381-RAW-KEW |
| | ) |
| ROBERT PATTON, DOC Director, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, attacks his conviction in Pontotoc County District Court Case No. CF-2007-255 for Unlawful Possession of Marijuana, a Second or Subsequent Offense. He also challenges his convictions in Pontotoc County Case No. CF-2008-15 for Unlawful Possession of a Controlled Drug (Methamphetamine) (Count 1), Unlawful Delivery of a Controlled Drug (Methamphetamine) (Count 2), Unlawful Use of a Communication Device to Facilitate a Felony (Count 3), and Maintaining a Place Resorted to by Users of Controlled Drugs (Count 4). He sets forth the following grounds for relief:[1]

I. Trial counsel was ineffective in failing to file a timely motion to withdraw petitioner's guilty plea.

II. The trial court failed to follow the mandatory Drug Court Program procedures designed to ensure the success of those entering the

---

[1] There is no Ground IV contained in the petition, but petitioner alleged in a subsequent pleading that Ground IV is a claim that his guilty plea was coerced. (Dkt. 12 at 5).

program.

III. The evidence was insufficient to terminate petitioner's participation in the Drug Court program.

IV. Petitioner was forced to plead guilty in order to receive medical care.

V. Ineffective assistance of trial counsel.

VI. Petitioner's sentences were illegally enhanced by his prior convictions, and his sentences are disproportionate to other sentences for the same conduct as other defendants with the same criminal convictions.

VII. Appellate counsel was ineffective in failing to raise Grounds V and VI on direct appeal.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A. Petitioner's direct appeal brief.

B. The State's brief in petitioner's direct appeal.

C. Summary Opinion affirming petitioner's termination from the Drug Court Program and imposing sentence in Pontotoc County District Court Case Nos. CF-2007-255 and CF-2008-15. *Galbreath v. State*, No. F-2010-142 (Okla. Crim. App. Sept. 14, 2011).

D. Post-Conviction Findings. *State v. Galbreath*, Nos. CRF-2007-255 and CRF-2008-15 (Pontotoc County Dist. Ct. Sept. 24, 2013).

E. Order Declining Jurisdiction. *Galbreath v. State*, No. PC-2013-1028 (Okla. Crim. App. Nov. 20, 2013).

F. Petitioner's Post-Conviction Findings in Case Nos. CRF-2007-255 and CRF-2008-15, filed in the Oklahoma Court of Criminal Appeals.

G. Order Declining Jurisdiction. *Galbreath v. State*, No. PC-2014-282 (Okla. Crim. App. June 4, 2014).

H. Excerpt of transcript of Drug Court termination hearing held on July 29, 2009.

I. Application to Terminate Drug Court Participation and Sentence Defendant, filed July 21, 2009.

J. Docket sheet for Pontotoc County District Court Case No. CF-2007-255.

K. Docket sheet for Pontotoc County District Court Case No. CF-2008-15.

L. Petitioner's first application for post-conviction relief, filed August 2, 2013, in his two Pontotoc County District Court cases.

M. Transcripts from petitioner's state court proceedings.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Grounds I, II, IV, V, and VI**

The respondent alleges Grounds I, II, IV, V, and VI were filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(d), because these claims are related to petitioner's guilty pleas that were not appealed to the Oklahoma Court of Criminal Appeals. Ground I

3

alleges petitioner's trial counsel was ineffective in failing to timely file motions to withdraw his guilty pleas in his two Pontotoc County cases. Ground II claims the trial court erred in terminating petitioner from Drug Court, because the prosecution and the trial court failed to follow mandatory Drug Court procedures designed to ensure the success of those entering the program. Ground IV alleges petitioner was coerced into pleading guilty in order to receive medical care. Ground V asserts counsel was ineffective in his failure to defend against the charges at the pretrial hearing, resulting in the equivalent of a guilty plea, and Ground VI alleges petitioner's sentences are excessive.

The record shows that on January 31, 2008, pursuant to a plea agreement, petitioner entered guilty pleas and delayed sentencing was ordered in Pontotoc County District Court Case Nos. CF-2007-255 and CF-2008-15. *Galbreath v. State*, No. F-2010-142, slip op. at 1 (Okla. Crim. App. Sept. 14, 2011) (Dkt. 18-3 at 1). On July 30, 2009, after an evidentiary hearing on the State's Application to Terminate from Drug Court Participation and Sentence Defendant, the trial court terminated petitioner from Drug Court and sentenced him to concurrent terms of 40 years' imprisonment, pursuant to his guilty pleas in CF-2007-255 (Dkt. 18-10 at 2) and in CF-2008-15. (Dkt. 18-10 at 1-2). Petitioner had ten days from July 30, 2009, until August 9, 2009, to file applications to withdraw his pleas. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. He did not file a motion to withdraw his guilty plea in either case, so his convictions became final for the purposes of AEDPA on August 9, 2009. *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (holding that in Oklahoma, a defendant's conviction becomes final ten days after entry of a guilty plea in the absence of a motion to withdraw the plea).

Petitioner's one-year limitation period began to run on August 10, 2009, the day after

4

his convictions became final. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (The one-year statute of limitations begins the day after the conviction is final). Therefore, he had until August 10, 2010, to file his habeas petition. *See* 28 U.S.C. § 2244(d)(1). This petition, however, was not filed until September 11, 2012, more than two years after the deadline had passed.

Petitioner appealed his Drug Court termination to the Oklahoma Court of Criminal Appeals (OCCA) in Case No. F-2010-142, but he did not seek to perfect an appeal of his underlying guilty plea in that proceeding. Pursuant to Rule 1.2(D)(5)(c), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App (2011), if petitioner wanted to appeal both the validity of the guilty plea and the validity of the termination order, he had to perfect a certiorari appeal to the OCCA.[2] He, however, did not perfect a certiorari appeal on these issues.

Petitioner filed an application for an appeal out of time with the OCCA on September 18, 2009 (Dkt. 28 at 12), and on February 10, 2010, the OCCA issued an Order Granting Request for Direct Appeal Out of Time from his termination from Drug Court, *Galbreath v. State*, No. PC-2009-832 (Okla. Crim. App. Feb. 10. 2010) (Dkt. 28 at 13-15). Petitioner's assertion that the OCCA issued a summary opinion affirming his underlying convictions, however, is not true. Instead, the OCCA affirmed his termination from the Drug Court in

---

[2] Rule 1.2(D)(5)(c), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App (2011)(c) states: Withdrawal of Plea After Acceleration. In addition to appealing the validity of the acceleration order, a defendant who pled guilty or nolo contendere and seeks to withdraw his plea shall appeal by certiorari pursuant to Section IV of these Rules as a part of the appeal of the validity of the acceleration order; PROVIDED HOWEVER, a defendant who appealed after the order deferring sentence pursuant to Subsection (a) of this Section shall not have the right to challenge the validity of the plea after the order deferring has been accelerated and the Judgment and Sentence has been imposed.

both cases, but held his allegations concerning his guilty pleas to the underlying crimes in those cases were not properly before the court. *Galbreath v. State*, No. F-2010-142 (Okla. Crim. App. Sept. 14, 2011) (Dkt. 18-3). The OCCA further held that petitioner's allegations that the trial court lacked jurisdiction to admit him to the Drug Court Program were not cognizable in the appeal of his Drug Court termination. *Id*., slip op. at 4.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner did not initiate his post-conviction proceedings until August 2, 2013 (Dkt. 18-2), after expiration of the limitation period, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)) (Dkt. 18-10 at 4; Dkt. 18-11 at 5). Therefore, Grounds I, II, IV, V, and VI, which concern petitioner's guilty pleas, are barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(2).

**Ground III**

Petitioner claims in Ground III that his termination from Drug Court was obtained as a result of evidence regarding his possession of a Schedule II controlled substance that was insufficient to persuade a properly-instructed jury of his guilt beyond a reasonable doubt. The respondent alleges the OCCA's decision on this issue was not contrary to, or an unreasonable application of, federal law. The OCCA denied relief as follows:

> The evidence at Appellant's hearing revealed that an orange-colored pill bottle was seized from Appellant's vehicle and found to contain the Schedule II substance meperidine. Although Appellant testified that he was on several different drugs because of a mental condition (Tr. 56), he stopped short of testifying that meperidine was one of his prescription medications, and he presented no proof of having a prescription for that drug. It was Appellant's duty to show that he had a prescription for the substance seized

> from his vehicle; however, in this regard he can offer nothing more than speculation that he might have had a prescription. Speculation does not establish that the trial court had insufficient evidence to find Appellant violated his Drug Court agreement by possessing a controlled substance without a prescription. As Appellant does not show any reversible error running to the District Court's termination order, that order must be affirmed.

*Id.*, slip op. at 4-5.

The OCCA noted that "[i]n Drug Court termination proceedings, violations of the terms of the plea agreement or performance contract need only be shown by a preponderance of the evidence." *Galbreath v. State*, No. F-2010, slip op. at 5 n.7 (Okla. Crim. App. Sept. 14, 2011) (quoting *Hagar v. State*, 990 P.2d 894, 898 (Okla. Crim. App. 1999) (internal quotations omitted)) (Dkt. 18-3). In an analogous situation concerning parole revocation hearings, the Tenth Circuit Court of Appeals recognized Oklahoma's preponderance of the evidence burden of proof as the applicable standard. *United States v. Cantley*, 130 F.3d 1371, 1376 (10th Cir. 1997). The OCCA also has held that "[t]he consequence of the termination from Drug Court is to impose the sentence negotiated in the plea agreement." *Looney v. State*, 49 P.3d 761, 764 (Okla. Crim. App. 2002) (citing *Hagar*, 991 P.2d at 898).

As set forth in its brief on direct appeal, the State alleged in its Application to Terminate Drug Court Participation and Sentence Defendant that petitioner had a new charge of Possession of Controlled Dangerous Substance, Second and Subsequent Offense in Pontotoc County District Court Case No. CF-2009-303. (O.R. 43). The State was required to prove by a preponderance of the evidence that petitioner knowingly and intentionally possessed the controlled dangerous substance meperidine. Okla. Stat. tit. 63, § 2-401(A); Instruction No. 6-6, OUJI-CR(2d).

At the hearing on the State's application, Ada Police Officer Jeremy Farmer testified

he initiated a traffic stop of petitioner's car for speeding at about 3:00 a.m. on July 7, 2009. (Tr. I 30) (Dkt. 18-8). After checking petitioner's driver's license, Officer Farmer released him with a warning. (Tr. I 30-31). Shortly thereafter, Farmer was notified that petitioner was a Drug Court participant, and Drug Court Officer John Roberts advised Farmer to stop petitioner's car again, so Roberts could talk to him about Drug Court. (Tr. I 31).

Officer Roberts arrived, and petitioner was taken into custody for a Drug Court violation. (Tr I 32). There were no other occupants in the car, so it was impounded and inventoried in accordance with police policy. (Tr. I 32-33). While inventorying petitioner's car, Officer Farmer found two orange pill bottles in the cup holder of the center console, in plain view. (Tr. I 33). Farmer left one bottle in the car and seized the other bottle, which was placed into evidence. (Tr. I 33-34, 43). The bottle that remained in the car was a prescription bottle with petitioner's name on it. (Tr. I 44). That bottle contained pills, but Farmer could not remember what the prescription was. (Tr. I 44). The seized bottle contained a white powdery substance which field-tested positive for cocaine. (Tr. I 35). Farmer sent the substance to the Oklahoma State Bureau of Investigation for further testing, and the results showed the powdery substance was meperidine, a Schedule II substance. (Tr. I 47).

Petitioner testified he did not know what meperidine was, but he was on several prescribed medications for his mental condition. (Tr. I 56). He acknowledged there was a prescription bottle in his car when he was pulled over, but he did not know which bottle it was. (Tr. I 56). Petitioner further testified that his place of employment did not allow him to have his medications with him at work, so he would sign out the medications he needed during the day and transport them in whichever pill bottle he had available. (Tr. I 56).

8

At defense counsel's urging, the trial judge took the matter under advisement until it could be determined whether the prescription bottle that was left in the car was for meperidine. (Tr. I 66-67). The next day the trial judge announced without further argument or objection by defense counsel that petitioner was sentenced to 40 years' imprisonment with each case to run concurrently. (Tr. II 2).

Pursuant to Okla. Stat. tit. 63, § 2-402(A)(1) (Supp. 2004), "It shall be unlawful for any person knowingly or intentionally to possess a controlled dangerous substance unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner . . . ." As set forth above, the OCCA found the State's proof of the violation to be sufficient, specifically finding that petitioner failed to testify that meperidine was a drug prescribed for him, and petitioner had failed to produce a valid prescription for the drug. The OCCA also determined that petitioner's termination from Drug Court was in accordance with Oklahoma law.

This court therefore finds the State presented more than sufficient evidence to prove petitioner violated the terms and conditions of Drug Court by committing the new crime of Possession of a Controlled Dangerous Substance. The court further finds petitioner has not shown that the OCCA's decision was contrary to, or an unreasonable application of, federal law. Ground III is meritless.

**Ground VII**

Petitioner alleges in Ground VII that his appellate counsel was ineffective in failing to raise on direct appeal the ineffective counsel claim in Ground V and the excessive sentences claim in Ground VI. The record shows petitioner first raised this claim in his initial post-conviction application. (Dkt. 18-12). He, however, failed to perfect an appeal

of the trial court's denial of his initial post-conviction application. (Dkt. 18-5 at 2). Petitioner filed a second application for post-conviction relief, seeking an appeal out of time of the denial of his initial post-conviction application. The trial court denied the second post-conviction application, and petitioner again failed to perfect an appeal to the OCCA. (Dkt. 18-7 at 1-2). Therefore, Ground VII remains unexhausted. This court, however, may deny petitioner's ineffective assistance of counsel claim on the merits pursuant to 28 U.S.C. § 2254(b)(2).

Petitioner appealed his termination from Drug Court to the OCCA, claiming in his first proposition that trial counsel was ineffective in failing to move to withdraw the guilty pleas. The OCCA denied this claim as follows:

> The Court finds Appellant's Proposition I does not present issues that can be addressed within the scope of Appellant's current appeal. When a defendant pleads guilty to an offense and has his sentencing deferred or delayed conditioned on successful completion of probation or drug court, but then subsequently has sentencing accelerated and a conviction imposed, he has three options concerning appeal. Provided that no prior appeal has been filed, those options are: (1) he may appeal the final order terminating him from drug court or probation; or (2) he may appeal the resulting conviction; or (3) he may appeal both the orders of termination/acceleration of sentencing and the resulting conviction. If appealing both the orders of termination/acceleration and the conviction, then the appeal is by petition for writ of certiorari. The voluntariness of a defendant's guilty plea and the issue of whether counsel was ineffective in challenging that plea are issues that, in the direct appeal context, can only be raised through certiorari appeal proceedings. Consequently, the issues identified in Appellant's Proposition I are not within the scope of Appellant's appeal of his Drug Court termination order.

*Galbreath*, No. F-2010-142, slip op. at 2-4 (citing Rule 1.2(D), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2011) (footnotes omitted)) (Dkt. 18-3).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of

ineffective assistance of counsel. The test requires a showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id.* at 687. The *Strickland* test also applies to appellate counsel. *Evitt v. Lucey*, 469 U.S. 387, 393-400 (1985). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court can be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Here, the OCCA determined petitioner's allegations regarding the validity of his guilty plea and ineffective assistance of counsel issues related to the guilty plea could not have been addressed in the direct appeal of his termination from Drug Court. Therefore, appellate counsel could not have been ineffective for failing to raise a claim that trial counsel was ineffective with regard to the pretrial hearing and the guilty plea proceedings. As discussed in the OCCA's Summary Opinion, such claims should have been raised in a certiorari appeal pursuant to the OCCA's rules. Petitioner's claims concerning his term of imprisonment also were not cognizable in his appeal of his termination from Drug Court, but had to be presented in a certiorari appeal. This ground for habeas relief also fails.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 13th day of August 2015.

_____
**KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE**